Filed 9/16/16  P. v. McGee CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H042979 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1499193) |
| v. | |
| IVAN JAMAL MCGEE, | |
| Defendant and Appellant. | |

Pursuant to a plea agreement, defendant Ivan Jamal McGee pleaded no contest to one felony count of inflicting corporal injury on a specified person (i.e., a dating partner). (Pen. Code, § 273.5, subd. (a).)[1]  As part of the plea agreement, the People agreed to dismiss a felony charge of assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)) with an allegation that McGee personally inflicted great bodily injury on the victim in committing the offense (§§ 12022.7, subd. (e), 1203, subd. (e)(3)).  In exchange for his plea, McGee was to receive a sentence of three years formal probation on condition he serve nine months in county jail and submit to domestic violence probation conditions.

At sentencing, the trial court suspended imposition of sentence and placed McGee on formal probation for three years.  He was ordered to serve nine months in county jail, with total custody credits of 241 days.  In addition to standard probation conditions,

_____

[1] Unspecified statutory references are to the Penal Code.

McGee was ordered to refrain from using or possessing any drugs or alcohol, complete a 52-week domestic violence counseling program and pay various fines and fees.[2]

We appointed counsel to represent McGee in this court. Appointed counsel filed an opening brief which states the case and the facts, but raises no specific issues. We notified McGee of his right to submit written argument in his own behalf within 30 days. That period has elapsed, and we have received no written argument from McGee.

## I. FACTUAL AND PROCEDURAL BACKGROUND[3]

At approximately 4:22 p.m. on September 28, 2014, San Jose police officers responded to Valley Medical Center where the female victim reported that her boyfriend, McGee, had hit her in the eye. According to the victim, she and McGee had been dating for about two years and were living together. The victim said she and McGee were arguing earlier that day when he pinned her down on the bed and punched her in the face with a closed fist. She also told police he had attacked her previously, but she had not reported it though he had given her " 'black eyes,' 'bloody noses,' and 'bruises,' a 'handful of times before.' "

Hospital staff informed police that the victim "sustained a black eye on her right eye and a broken ocular bone on the right side." The victim subsequently advised the probation department that she needed plastic surgery for her injuries and would like restitution for her medical expenses.

In his interview, McGee said he had hidden the victim's stash of methamphetamine from her and she pulled a knife on him. As he grabbed her to take the

---

[2] McGee was directed to pay a domestic violence fund fee of $500, a payment of $200 to the battered women's shelter, a restitution fine of $300, a court security fee of $40, a criminal conviction assessment of $30, along with a probation supervision fee not to exceed $50 per month. A probation revocation fine of $300 was imposed but suspended pending successful completion of probation.

[3] As McGee pleaded no contest, we derive the facts from the probation report and other documents in the record on appeal.

knife, he accidentally hit her in the face. When the police said that the victim suffered a broken eye socket, McGee responded, " 'There's no proof of that.' "

Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the whole record and have concluded there is no arguable issue on appeal.

## II.   DISPOSITION

The judgment is affirmed.

_____
                    Premo, J.

WE CONCUR:

_____
      Rushing, P.J.

_____
         Elia, J.